IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JESSICA HERMINE SANCHEZ, | § § § | |
| Plaintiff | § § | |
| v. | § § | Civil Action No. 4:23-cv-00637-SDJ |
| EQUIFAX INFORMATION SERVICES, LLC and EXPERIAN INFORMATION SOLUTIONS, INC., | § § § § § | |
| Defendants. | § § | |

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS AND MEMORANDUM IN SUPPORT**

Defendant Equifax Information Services LLC ("Equifax"), by and through counsel, hereby files its Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, and shows the Court as follows:

**I.      INTRODUCTION**

Plaintiff Jessica Hermine Sanchez ("Plaintiff") has sued Defendants for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* regarding its reporting of a Conn Appliances, Inc. ("Conn") account (the "Account"). *See* ECF No. 1, at ¶ 8. In her Complaint, Plaintiff does not dispute that she opened the Account. Plaintiff also does not dispute that she incurred the $4,190.77 balance that Equifax reported on the Account. *Id.* at ¶¶ 8, 10. Instead, Plaintiff contends the reported past due balance is inaccurate *solely* because Conn entered a non-suit in a Texas state court action it filed against Plaintiff ("State Court Action") regarding the underlying debt. *Id.* at ¶ 8.

Plaintiff's entire theory that she does not owe a debt to Conn rests on her claim that "[t]he result of the [State Court Action] was a non-suit with prejudice" and that Conn's deadline to "move for new trial or to take steps to initiate an appeal" has passed. *Id.* Yet, the order

dismissing the State Court Action upon which Plaintiff relies makes no reference regarding any Conn account number, nor does the dismissal order make any suggestion that a final disposition had been reached concerning the balance associated with the Conn Account. In fact, the dismissal order only shows Conn moved to voluntarily dismiss its cause of action against Plaintiff, for an unknown reason.[1] Further, there is nothing in the State Court Action docket to indicate the terms of dismissal, which leaves Equifax uninformed as to the nature of resolution of the State Court Action with respect to the underlying debt.

Moreover, well-established law and precedent is clear that consumer reporting agencies ("CRAs") – such as Equifax – are not required to referee legal disputes between debtors and their creditors. Put simply, CRAs not required to act as tribunals under the FCRA. As such, the Court should dismiss Plaintiff's claims against Equifax, with prejudice.

## II.     APPLICABLE LEGAL STANDARD

### 1. Rule 12(c) Failure to State a Claim

A motion for judgment on the pleadings under Rule 12(c) is decided under the same standard as a motion to dismiss under Rule 12(b)(6). *Doe v. MySpace, Inc.,* 582 F.3d 413, 418 (5th Cir. 2008). Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a complaint when a plaintiff's allegations fail to set forth facts which, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). The pleadings must raise the right to relief beyond the speculative level, and a plaintiff must provide "more than labels and conclusions, and a

---

[1] Attached hereto as **Exhibit A** is the Order entering Conn's Notice of Nonsuit in the State Court Action. In her Complaint, Plaintiff states that she "sent written dispute letters to Experian and Equifax . . . [including] copies of the initial petition, and the Court's Order." *See* ECF No. 1 at ¶ 8. The Order, however, merely states the following: "On this day came on to be considered the Notice of Nonsuit With Prejudice filed by Plaintiff Conn Appliances, Inc. The Court, being advised of Plaintiff's nonsuit, hereby ORDERS that the above-entitled and numbered cause be dismissed with prejudice as to re-filing of same as to the above referenced matter asserted against Defendant Jessica H. Sanchez with all cost taxed to the party incurring same."

-2-

formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

When considering a motion to dismiss, the Supreme Court instructed lower courts to consider "[t]wo working principles." *Iqbal,* 556 U.S. at 678. First, the Court is not required to accept, as true, legal conclusions couched as factual allegations. *Id.* Second, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (citing *Twombly,* 550 U.S. at 570). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . ha not 'show[n]' . . . 'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

In analyzing a 12(c) motion, the Court should accept all well-pleaded facts in the complaint as true and view those facts in plaintiff's favor. *Gonzalez v. Kay,* 577 F.3d 600, 603 (5th Cir. 2009). However, the "duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for the plaintiff." *Wilchombe v. TeeVee Toons, Inc.,* 555 F.3d 949, 960 (11th Cir. 2009). That is, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378 (5th Cir. 2002) (internal quotations omitted); *Jones v. Alcoa, Inc.,* 339 F.3d 359, 362 (5th Cir. 2003) (same). Instead, a plaintiff must provide "more than an unadorned the-defendant-unlawfully-harmed-me accusation" to survive a motion to dismiss. *Iqbal,* 556 U.S. at 678.

### 2. The Court May Consider Documents Outside the Complaint

In ruling on a motion to dismiss, the court "may . . . consider documents outside the pleadings if they fall within certain limited categories." *Texas Health and Human Svs. Comm'n v.*

*U.S.,* 193 F. Supp. 3d 733, 738 (N.D. Tex. June 15, 2016). "A court is permitted . . . to rely on 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Isues & Rights, Ltd.,* 551 U.S. 308, 322 (2007)). Also, "[a] written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding." *Ferrer v. Chevron Corp.,* 484 F.3d 776, 780 (5th Cir. 2007). Third, a "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC,* 600 F.3d 542, 546 (5th Cir. 1994) (citation omitted).

Plaintiff's Complaint explicitly references and relies on the order in the State Court Action in support of her claim that the Conn tradeline should be removed from her Equifax and Experian credit reports. *See* ECF No. 1 ¶¶ 8-10. Plaintiff claims that she "sent written disputes to Experian and Equifax" which included "copies of the initial petition, and the Court's Order." *Id.* at ¶ 9. Plaintiff states that Equifax "responded to the dispute letters, stating that after their reinvestigation they were leaving Conn Appliances, Inc. tradeline on the credit report," and that "[i]n doing so, both defendants are deliberately ignoring a valid court order from the duly elected judge of that court." *Id.* at ¶ 10. Accordingly, not only is the order in the State Court action central to Plaintiffs' FCRA claims, but it is the entirety of the claim. As such, the Court may freely consider the order from the State Court Action attached herein as Exhibit A without converting Equifax's Motion for Judgment on the Pleadings into a motion for summary judgment.

### III. ARGUMENT AND AUTHORITIES

Plaintiff's Complaint fails for two reasons. First, the Plaintiff fails to state a *factual* inaccuracy, which is required by the FCRA in order for there to be liability under sections 1681e(b) and 1681i(a). Second, the Plaintiff uses the FCRA to collaterally attack the legal validity of a debt, which is expressly prohibited under FCRA jurisprudence. Because the Plaintiff only provides conclusory allegations that do not rise past the level of speculation and there are no disputed issues of material fact, Plaintiff's claims against Equifax should be dismissed, with prejudice.

**1. Plaintiff fails to state a *prima facie* FCRA claim for failure to plead a factual inaccuracy.**

Plaintiff alleges two violations of the FCRA: a claim arising from 1681e(b) and a claim arising from 1681i(a). Section 1681e(b) requires a CRA to "follow reasonable procedures to assure maximum possible accuracy" when preparing a consumer report regarding an individual. 15 U.S.C. § 1681e(b). Section 1681i(a) requires a CRA to "conduct a reasonable reinvestigation" when a consumer disputes information to a CRA as inaccurate. 15 U.S.C. § 1681i(a). As explained further below, Plaintiff's claims fail because she cannot meet the threshold requirement for her claims under §§ 1681e(b) or 1681i(a) that there must be a *factual inaccuracy* in her credit report. *See Estrada v. Experian Info. Sols., Inc.,* No. EP-21-CV-00114-FM, 2023 WL 3102575, at *8 (W.D. Tex. Apr. 26, 2023) (holding Plaintiff must "show a factual inaccuracy on his credit report" in order to establish a violation of the FCRA); *Kuehling v. Trans Union LLC,* 137 F. App'x 904, 908 (7th Cir. 2005) ("Without evidence of some inaccuracy in the Trans Union report or reinvestigation, Kuehling cannot establish that Trans Union violated the FCRA – either § 1681e(b) or § 1681i(a)(1)(A)").

a.  **Equifax cannot be liable to Plaintiff because Plaintiff fails to allege a factual inaccuracy in her consumer report as required by the FCRA**

"Federal courts overwhelmingly agree that the FCRA only requires CRAs to investigate factual inaccuracies; they need not resolve legal disputes over an underlying debt." *Estrada,* 2023 WL 3102575, at *5 (citing *Carvalho v. Equifax Info. Servs., LLC,* 629 F.3d 876, 891-92 (9th Cir. 2010); *Chuluunbat v. Experian Info. Sols., Inc.,* 4 F.4th 562, 567-68 (7th Cir. 2021); *DeAndrade v. Trans Union LLC,* 523 F.3d 61, 68 (1st Cir. 2008); *Saunders v. Branch Banking & Trust Co. of Va.,* 526 F.3d 142, 150 (4th Cir. 2008)). Neither the FCRA nor its implementing regulations require a CRA to correctly reflect liability for an account, "much less a duty to determine the legality of a disputed debt." *Denan v. Trans Union,* 959 F.3d 290, 295 (7th Cir. 2020) (quoting 12 C.F.R. § 1022.41(a)). The reasoning behind this distinction of duties of CRAs and furnishers is simple: the furnisher or creditor "stands in a far better position to make a thorough investigation of a disputed debt than the CRA does on reinvestigation." *Gorman v. Wolpoff & Abramson, LLP,* 584 F.3d 1147, 1156 (9th Cir. 2009).

Only a court may resolve, fully and finally, a legal question of the validity of a debt. For this reason, CRAs are not able to adjudicate legal disputes between a consumer and a furnisher of information. *See Carvalho,* 629 F.3d at 891 (stating that "credit reporting agencies are not tribunals" and that "courts have been loath to allow consumers to mount collateral attacks on the legal validity of their debts in the guise of FCRA reinvestigation claims"). The thread connecting cases distinguishing between factual and legal inaccuracies is that the CRAs are not in a position to adjudicate a dispute between a furnisher and a creditor. *See Estrada,* 2023 WL 3102575, at *8 (holding the Western District of Texas "now joins the overwhelming majority of other federal courts in finding that CRAs are not . . . required" to "investigate the legal validity of disputed debts"). In *Estrada,* the Western District of Texas relied on case law from other circuits to

analyze "where the line exists between legal and factual disputes in the FCRA context[.]" *Id.* at *5. The court quoted the following explanation provided by the Seventh Circuit in *Chuluunbat* as a "helpful guidepost[] for determining when alleged credit reporting inaccuracies turn on factual versus legal issues[:]"

> The paradigmatic example of a legal dispute . . . is when a consumer argues that although his debt exists and is reported in the right amount, it is invalid due to a violation of law[.] In contrast, examples of factual inaccuracies include the amount a consumer owes, and what day a consumer opened an account or incurred a payment. These questions do not require the consumer reporting agencies to make any legal determinations about the facts or legal judgments. A legal question may also be resolved as a matter of fact if a tribunal – such as a court or arbitrator – has adjudicated the matter[.] [T]he central question is whether the alleged inaccuracy turns on *applying* law to facts or simply *examining* the facts alone.

*Id.* (quoting *Chuluunbat,* 4 F. 4th at 567-68). The court in *Estrada* also relied upon the First Circuit's distinction between factual and legal inaccuracies in *DeAndrade*. In that case, the plaintiff hired a contractor to replace windows, and they "were 'shocked' to discover that the documents granted a mortgage on their residence to KeyBank and that their signatures on the documents appeared to have been forged." *DeAndrade,* 523 F.3d at 63. Plaintiff sued KeyBank in state court, and subsequently disputed KeyBank's mortgage as it appeared on their credit reports; and eventually sued Trans Union for continuing to report information about the KeyBank mortgage. *Id.* at 64. After the trial court granted Trans Union's motion to dismiss plaintiff's FCRA claims, the First Circuit affirmed the ruling on the basis that the plaintiff's claims were not based on a factual inaccuracy, holding that:

> Whether the mortgage is valid turns on questions that can only be resolved by a court of law, such as whether DeAndrade ratified the loan. This is not a factual inaccuracy that could have been uncovered by a reasonable reinvestigation, but rather a legal issue that a credit agency such as Trans Union is neither qualified nor obligated to resolve under the FCRA.

> We therefore find it unnecessary to reach the question of ratification. The information reported by Trans Union was accurate not because DeAndrade had ratified the loan (although that may also be true), but because it did not state any factual deficiency that could have been resolved by a reasonable reinvestigation conducted by the credit bureau . . . .
>
> In essence, DeAndrade has crossed the line between alleging a factual deficiency that Trans Union was obligated to investigate pursuant to the FCRA and launching an impermissible collateral attack against a lender by bringing an FCRA claim against a consumer reporting agency.

*Id.* at 68. The First Circuit's holding in *DeAndrade* was later adopted by the Seventh, Ninth, Tenth, and Eleventh Circuits. *See Batterman v. BR Carroll Glenridge, LLC,* No. 20-11717, 2020 WL 5943872 (11th Cir. Oct. 7, 2020) (granting CRA's motion because the plaintiff's dispute "center[ed] on the validity of the underlying debt and not a factual inaccuracy included on his credit reports"); *Carvalho,* 629 F. 3d at 892 ("We agree that reinvestigation claims are not the proper vehicle for collaterally attacking the legal validity of consumer debts"); *Johnson v. Trans Union, LLC,* 524 Fed. Appx. 268, 270 (7th Cir. 2013) (affirming summary judgment because "there is no evidence that the defendants reported any inaccurate information about" plaintiff); *Wright v. Experian Info. Sols., Inc.,* 805 F. 3d 1232, 1242 (10th Cir. 2015) ("A reasonable reinvestigation, however, does not require CRAs to resolve legal disputes about the validity of the underlying debts they report").

The holding in *Schuh v. Am. Express Bank, FSB* is also particularly instructive in this instance. *Schuh v. Am. Express Bank, FSB,* No. 17-24345-CIV, 2018 WL 3751467, at *4 (S.D. Fla. May 3, 2018), report and recommendation adopted, No. 17-CV-24345, 2018 WL 3730226 (S.D. Fla. May 31, 2018), aff'd, No. 18-12753, 2020 WL 1607478 (11th Cir. Apr. 2, 2020). *Schuh* is factually similar to the instant action as it arose out of a separate collection suit filed by American Express ("AMEX") in state court after Schuh defaulted on her AMEX account. *Id.* at *1. The trial court entered an order dismissing the lawsuit after AMEX failed to file a mediation

form required by the court. *Id.* Schuh subsequently brought suit against Trans Union, Equifax and Experian alleging that they violated the FCRA by reporting a "non-existent" debt. *Id.* Similar to Plaintiff's claim in the instant lawsuit, Schuh's claim that the AMEX debt was "non-existent" was based on the state court's dismissal of the collection lawsuit. *Schuh,* 2018 WL 3751467, at *1. In granting defendants' motion to dismiss, the court held that "the factual inaccuracies alleged are 'at best a legal defense to the debt, not a factual inaccuracy in [Defendants'] reporting." *Id.* at *4. The Southern District of Florida recognized that allegations that "Defendants report[ed] factually inaccurate information [would] only [be] true if the Plaintiff is correct on the legality of the Dismissal Order extinguishing the underlying debt" and that such a legal contention "may only be considered by making legal interpretations regarding [p]laintiff's debt . . ." *Id.* As a result, Schuh's FCRA claims against the credit reporting agencies were dismissed for failure to plead a factual inaccuracy.

This Court should follow the plethora of cases holding that legal disputes regarding the validity of a debt, instead of a *factual inaccuracy,* cannot form the basis of liability for a CRA under the FCRA. CRAs are not loan servicers and do not have the same level of information that the furnisher, Conn, has regarding the debt. Furthermore, Equifax does not have the same history or relationship with a consumer, such as Conn's relationship with Plaintiff. Here, Plaintiff has not stated *any* factual deficiency that could have been resolved by a reasonable reinvestigation by Equifax. The opposite is true. Were Equifax to consider the order in the State Court Action, they would not have any confirmation that the question of whether Plaintiff still owed the balance associated with the Account had been decided. *See* Ex. A. In other words, Conn may have voluntarily dismissed the State Court Action for reasons entirely unrelated to whether Plaintiff

owed the balance on the Account. Accordingly, Plaintiff has failed to allege a *factual inaccuracy* and, as a result, Plaintiff's FCRA claims must be dismissed.

### b. Equifax cannot be liable to Plaintiff because Plaintiff collaterally attacks the legal validity of her debt which is prohibited under the FCRA.

Plaintiff alleges Equifax's reporting was inaccurate merely because Conn filed a "non-suit with prejudice that was signed by the Presiding Judge" and Conn did not "move for new trial or to take steps to initiate an appeal [within] 21 days." ECF No. 1 ¶ 8. In other words, Plaintiff essentially argues that Equifax violated the FCRA by failing to adopt her own subjective *legal* conclusion regarding the validity of the debt. Plaintiff's claims, however, are meritless and entirely inconsistent with case law across multiple circuits that "a consumer may not use the Fair Credit Reporting Act to collaterally attack the validity of a debt by challenging a CRA's reinvestigation procedure." *Humphrey,* 759 F. App'x 484, 488 (7th Cir. 2019); *see also Carvalho,* 629 F.3d at 891 (explaining credit bureaus are "not tribunals" and that "courts have been loath to allow consumers to mount collateral attacks on the legal validity of their debts in the guise of FCRA reinvestigation claims"); *Saunders v. Branch Banking and Trust Co. of Va.,* 526 F.3d 142, 150 (4th Cir. 2008) ("Claims brought against CRAs based on a legal dispute of an underlying debt raise concerns about 'collateral attacks' because the creditor is not a party to the suit . . ."); *Campbell v. Equifax Info. Servs., LLC,* No. 4:18-cv-53, 2019 WL 1332375, at *4 n.6 (S.D. Ga. Mar. 25, 2019) ("…multiple courts of appeals have held that the FCRA does not require [CRAs] to decide disputed legal questions when a consumer challenges information in her credit report.").

A furnisher is the appropriate party to address the validity of a debt due to its enhanced position of knowledge on the debt and thus a collateral attack of the debt through a CRA is not a legal question the CRAs can answer. *See, e.g., Brill v. Trans Union LLC,* No. 15-CV-300-SLC, 2015 WL 9095103, at *3 (W.D. Wis. Dec. 16, 2015), *aff'd sub nom., Brill v. Trans Union LLC,*

838 F.3d 919 (7th Cir. 2016) ("Federal courts consistently hold that the FCRA does not impose a duty on credit reporting agencies to verify the validity of the underlying debt when conducting reinvestigations . . . . In such cases, courts have found that the proper target of the plaintiff's claims is the creditor, which is in a much better position to determine the authenticity of its own records."). Curiously, Plaintiff has not alleged that the court in the State Court Action adjudicated that Plaintiff no longer owes the debt. Instead, through the FCRA's dispute process, Plaintiff asked Equifax to intervene to resolve her legal dispute with Conn, and now faults the Equifax for declining to do so – despite the overwhelming weight of authority showing that the FCRA does not require CRAs to serve as a *de facto* tribunal.

In sum, the facts as alleged cannot form the basis of FCRA liability against Equifax. Here, Plaintiff has not stated *any* factual deficiency that could have been resolved by a reasonable reinvestigation by the CRAs. Further, the order of non-suit in the State Court Action referenced in Plaintiff's Complaint does not provide any information regarding the status of Plaintiff's Account which would move Plaintiff's claims from speculative to plausible. Plaintiff never provided Defendants with any evidence showing a *successful resolution of the dispute whether Plaintiff actually owed the debt* and instead relied upon her vague and conclusory statements in the Complaint. The CRAs are not the proper entities for a Plaintiff to bring a collateral attack, as it is the furnisher who is in the best position to evaluate the debt. The FCRA's ultimate objective – accurate credit reporting – would be undermined if credit reporting agencies were reported to update credit reports in favor of any consumer who challenged the legal validity of his debts. Because Plaintiff does not allege a factual inaccuracy and impermissibly collaterally attacks her debt using the FCRA, the Plaintiff's section 1681e(b) and 1681i(a) claims against Equifax fail and the Complaint should be dismissed with prejudice.

## **CONCLUSION**

For all of these reasons, Equifax respectfully requests that this Court grant its Motion for Judgment on the Pleadings and dismiss the Plaintiff's Complaint with prejudice, and for any additional relief that the Court finds to be just and equitable.

DATED:  December 29, 2023               Respectfully submitted,

                                                                   SEYFARTH SHAW LLP

                                                                   By:  */s/ Jibril Greene*
                                                                         Jibril Greene, Bar No. 24093774
                                                                         SEYFARTH SHAW LLP
                                                                         2323 Ross Avenue, Suite 1660
                                                                         Dallas, Texas 75201
                                                                         Telephone: (469) 608-6745
                                                                         jagreene@seyfarth.com

                                                                         and

                                                                         Forrest M. "Teo" Seger (SBN 24070587)
                                                                         CLARK HILL PLC
                                                                         2301 Broadway Street
                                                                         San Antonio, Texas  78215
                                                                         Telephone:  (210) 250-6162
                                                                         Facsimile: (210) 258-2752
                                                                         tseger@clarkhill.com

                                                                         *Counsel for Defendant*
                                                                         *Equifax Information Services LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 29, 2023, I presented the foregoing DEFENDANT EQUIFAX INFORMATION SERVICES, LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS AND MEMORANDUM IN SUPPORT with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Jibril Greene*
Jibril Greene
*Counsel for Defendant*
*Equifax Information Services LLC*

306531511v.2